|                                                                                       |                          |
| ------------------------------------------------------------------------------------- | ------------------------ |
| UNITED STATES DISTRICT COURT                                                          |                          |
| DISTRICT OF PUERTO RICO                                                               |                          |
|                                                                                       |                          |
| DIANA SOTO-FONALLEDAS, IVAN RODRÍGUEZ-OSTOLAZA, and their conjugal partnership,      |                          |
|                                                                                       | Civil No. 09-2005 (JAF) |
| Plaintiffs,                                                                           |                          |
|                                                                                       |                          |
| v.                                                                                    |                          |
|                                                                                       |                          |
| RITZ CARLTON SAN JUAN HOTEL SPA & CASINO,                                             |                          |
|                                                                                       |                          |
| Defendant.                                                                            |                          |

## OPINION AND ORDER

Plaintiffs brought the instant suit alleging discrimination on the basis of disability and sex, including pregnancy and childbirth, and retaliatory conduct in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; and various Puerto Rico antidiscrimination laws. (Docket No. 1.) Defendant moves to compel arbitration and to dismiss Plaintiffs' claims with prejudice. (Docket No. 12.) In so moving, it seeks enforcement of an arbitration clause signed by Plaintiff Diana Soto-Fonalledas ("Soto") four years into her employment with Defendant.[1] (See id.; Docket No. 18 at 11.) Plaintiffs oppose, arguing that no arbitration agreement exists between Soto and Defendant and that, if such an agreement does exist, Defendant waived its arbitral rights.

---

[1] The arbitration agreement reads, in relevant part: "I shall request Arbitration if I have been terminated or feel I have been discriminated against based on race, color, sex (including sexual harassment), religion, national origin, sexual orientation, marital status, age or disability. . . . My Arbitration shall be governed by the [American Arbitration Association's] Rules for Employee Dispute Resolution. . . . I agree that I will not file a lawsuit or administrative action without first using, and then exhausting, each step in [Defendant's dispute resolution process as stated in the arbitration agreement]." (Docket No. 12-3 at 5.)

(Docket No. 18.)  Defendant responded to Plaintiffs' opposition (Docket No. 22), and Plaintiffs replied to that response (Docket No. 26).[2]

## I.

## **Analysis**

### A.   **Standard for Motion to Compel Arbitration**

In granting a motion to compel arbitration, we must determine that an arbitration agreement exists; that the claims before us fall within the scope of said agreement; and that the movant has not waived its arbitral rights.  See Combined Energies v. CCI, Inc., 514 F.3d 168, 171 (1st Cir. 2008).  The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, governs the enforcement of arbitration agreements in employment contracts completed in Puerto Rico, see § 1,[3] and embodies a federal policy strongly favoring the enforcement of arbitration agreements, see, e.g., Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 551-52 (1st Cir. 2005) (discussing federal policy).  If we grant a motion to compel arbitration, we must stay proceedings on all arbitrable claims.  See 9 U.S.C. § 3.  In a case over which we have jurisdiction under 28 U.S.C. § 1331, a finding that all federal claims are arbitrable, such that we have only supplemental

---

[2] Local Civil Rule 7(c) states that a reply memorandum must be "strictly confined to replying to new matters raised in the objection or opposing memorandum."  We do not consider any argument made in Defendant's response or in Plaintiffs' reply that does not conform to this rule.  We note that our reading of these submissions has not moved us to act differently.

[3] Certain types of employment contracts are expressly excluded from coverage by the FAA.  See 9 U.S.C. § 1.  The First Circuit has interpreted this provision to exclude only employment contracts of employees involved in "the transportation of goods in interstate commerce."  See Brennan v. King, 139 F.3d 258, 264 n.5 (1st Cir. 1998).  Regardless, neither party in the case at hand contends that the FAA does not apply.

jurisdiction over the remaining claims, allows us to dismiss the case in its entirety. See Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998).

### B.  Validity of Arbitration Agreement

An arbitration agreement will be found "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2. Plaintiffs challenge the validity of Soto's agreement with Defendant on the following grounds: (1) Defendant's "custom and usage" regarding arbitration clauses renders its signed agreement with Soto null (Docket No. 18 at 5); (2) arbitration would deny Soto her statutory right to a judicial forum for resolving Title VII and the ADA claims (id. at 5-6); (3) Soto received no copy of the rules and regulations that would govern the arbitration process (id. at 6); (4) there was a lack of consideration in exchange for her having signed the arbitration agreement (id. at 6-11); (5) there was insufficient notice within the signed agreement of the statutory rights covered by same (id. at 11-15); (6) the agreement is void in its entirety due to a provision requiring a "probationary period" though Soto's employment already had been made permanent (id. at 16).[4] We address each ground below.

#### 1.  Arbitrability Under Federal Law

Generally, we apply Commonwealth contract law to assess the validity of an arbitration clause.  See, e.g., Campbell, 407 F.3d at 552.  A threshold inquiry governed by federal law applies, however, when a party "assert[s] a contractual right to arbitrate a claim arising under a federal employment discrimination statute." Id.  This "appropriateness" inquiry assesses whether

---

[4] Plaintiffs also point to case law for the proposition that an employee who does not sign the actual document containing the arbitration agreement may not be held to same, but they make no argument, nor is it readily apparent, that this proposition is relevant to the case at hand.  (See Docket No. 18 at 15-16.)

a given arbitration agreement adequately vindicates the particular right at issue, including whether said agreement contains sufficient notice of the judicial process a potential claimant forgoes. See id. at 552, 555.

Grounds (2), (3), and (5) fall under this appropriateness assessment, as they address the appropriateness of arbitration for Soto's particular grievances and the sufficiency of the notice she received when signing the arbitration agreement. And each fails upon application of federal law. As to ground (2), the First Circuit has clearly stated that Title VII and ADA claims may be resolved via arbitration. See, e.g., id. at 552-55 (discussing First Circuit precedent rejecting arguments that Title VII and ADA claims were "beyond the reach of the FAA"). As to ground (3), there is no federal standard requiring notice of the rules of arbitration in advance of arbitration. Rather, the appropriateness standard merely requires that a potential claimant be notified in advance of signing the agreement as to what particular claims the parties agree to submit to arbitration. See id. at 555.

Ground (5) suggests that Plaintiffs' claims are outside the realm of those that Soto agreed to arbitrate when she signed the agreement. We must construe liberally the agreement when considering whether a certain claim falls within the realm of clearly arbitrable claims. See United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960) ("An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."). In this case, the agreement reads: "I shall request Arbitration if I have been terminated or feel I have been discriminated against based on race, color, sex (including sexual harassment), religion, national origin, sexual orientation, marital status, age or disability." (Docket No. 12-3

at 5.) We find that Plaintiffs' claims, namely discrimination on the basis of sex and disability, quite clearly fall within the stated arbitrable claims. Thus, ground (5) fails, alongside grounds (2) and (3) as discussed above.

Lastly, Plaintiffs argue under ground (6) that due to an unrelated term contained within Soto's employment agreement, the entire agreement is null and void. But "[a]s a matter of federal law, the arbitration clause is unaffected even if the substance of the contract is otherwise void or voidable." Sleeper Farms v. Agway, Inc., 506 F.3d 98, 103 (1st Cir. 2007) (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967)). Thus, even if Plaintiffs are correct as to the validity of said unrelated term, and we do not here consider that argument, that determination has no bearing on the validity of the arbitration clause.

### 2.   Validity Under Puerto Rico Contract Law

Plaintiffs' remaining grounds move beyond the federal appropriateness assessment and therefore require application of Commonwealth contract law. Puerto Rico law holds that a valid contract is formed when consenting parties agree to a definite obligation, so long as each party gives consideration for its obligation. See 31 L.P.R.A. § 3391 (1990).

Under ground (1), Plaintiffs argue that Defendant customarily litigates employees' discrimination claims despite having agreed upon arbitration to resolve same. Thus, they argue, Soto's agreement with Defendant is rendered null by this custom and usage. Puerto Rico contract law, however, prohibits the use of parol evidence to nullify unambiguous contractual terms. See § 3471 ("If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed.") We find that the

Civil No. 09-2005 (JAF)                                                                                                              -6-

agreement to arbitrate is unambiguous, see supra note 1, and thus, decline to consider parol evidence in considering the validity of same.

As to ground (4), Plaintiffs state that because Soto signed the arbitration agreement four years into her employment with Defendant, she was offered no consideration for signing same. They argue that continued employment is illusory consideration under Puerto Rico law and that, without consideration, the agreement is void. Under Puerto Rico law, however, there is a presumption that every contract involves consideration. See § 3434. And Plaintiffs do not cite, nor do we find, any Puerto Rico law holding that an arbitration agreement signed in exchange for continued employment is devoid of consideration. In the absence of any such law, we adopt the reasoning of our sister court in finding that the continued employment Soto gained in exchange for signing the agreement constitutes sufficient consideration to satisfy the demand for same under Puerto Rico contract law. See DeLuca v. Bear Stearns & Co., 175 F. Supp. 2d 102, 111 (D. Mass. 2001) (upholding arbitration agreement signed in exchange for continued employment, noting that one could "plausibly conclude that the need to guard against excessive litigation costs is a legitimate business-related reason for termination of a for-cause employee").

We, therefore, reject Plaintiffs arguments under grounds (1) and (4). In the absence of further claims regarding the validity of the agreement, we hold the arbitration clause valid under Puerto Rico contract law.

**C.     Waiver**

We now consider Plaintiffs' argument that Defendant waived its arbitral rights. (Docket No. 18 at 17-18.) Federal law governs the question of waiver in this case. See Rankin v. Allstate Ins. Co., 336 F.3d 8, 12 n.3 (1st Cir. 2003). A court will not easily find a valid arbitration clause

unenforceable due to waiver. See, e.g., In re Tyco Int'l Ltd. Sec. Litig., 422 F.3d 41, 44 (1st Cir. 2005) ("[R]easonable doubts as to whether a party has waived the right to arbitrate should be resolved in favor of arbitration."). A party claiming waiver must show undue delay and a modicum of prejudice resulting from same. See id. at 44. The court must consider the facts of the case at hand in determining whether litigation has progressed to the point at which fairness demands that we consider arbitral rights waived. See id. at 44 n.2 (discussing factors court must mind in making this determination).

The instant suit was filed approximately six months ago. (See Docket No. 1.) Record filings prior to the instant motion are limited, comprising primarily the parties' pleadings. While some discovery has been completed (see Docket No. 18 at 17-18 (recounting Plaintiffs' discovery efforts to date, including the order of an expert opinion, expedited upon Defendant's request; preparation for depositions never held; and submission to Defendant of answers to interrogatories)), the completion of some discovery does not in itself indicate waiver. See, e.g., Creative Solutions Group, Inc. v. Pentzer Corp., 252 F.3d 28, 33 (1st Cir. 2001) (noting with approval Fifth Circuit opinion determining that exchange of discovery did not require court to find waiver). Given the relative youth of this case, the limited record filings, and limited discovery completed, we find that Defendant has not waived its arbitral rights in the context of this litigation.

We note, however, that Defendant's excuse for its delay in having invoked said rights leaves us with some uncertainty as to its actual motivation for delaying.[5] As Defendant's excuse suggests that it intended all along to compel arbitration, and that it was merely waiting to locate

---

[5] Parties may not delay in invoking arbitral rights as a strategy for raising the other party's litigation costs. See In re Tyco, 422 F.3d at 46 n.5.

Civil No. 09-2005 (JAF)                                                                                                      -8-

a document—which it ultimately did not locate—before moving to compel (see Docket No. 14-3), we surmise that Defendant could have given earlier notice of its intention. Why it failed to do so remains a mystery to this court. Given this uncertainty, and our interest in discouraging deliberate delay in invoking arbitral rights, we find it just for Defendant to pay Plaintiffs' reasonable discovery costs to date. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991) (recognizing "inherent power" of a court to assess attorney's fees to sanction "conduct which abuses the judicial process").

## II.

## Conclusion

Given the foregoing, we are satisfied that a valid arbitration agreement exists between Soto and Defendant; that Plaintiffs' federal claims are covered by said agreement; and that Defendant did not waive its arbitral rights. As we, therefore, find all of Plaintiffs' federal claims arbitrable, we decline to exercise supplemental jurisdiction over Plaintiffs' claims arising under Commonwealth law.

Thus we hereby **GRANT** Defendant's motion to compel arbitration (Docket No. 12). We **DISMISS** all claims in Plaintiffs' complaint (Docket No. 1), without prejudice to filing Plaintiffs' claims arising under Puerto Rico law in Commonwealth courts. We **ORDER** Defendant to pay Plaintiffs' reasonable discovery costs to date.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of March, 2010.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge